21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven MAROS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul J. HUNTOON, Defendant-Appellant.
 Nos. 93-50117, 93-50166.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided April 4, 1994.
 
 Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Huntoon pled guilty to, and Steven Maros was convicted by a jury on, one count of possession with intent to distribute a controlled substance on board a vessel in violation of 46 App.U.S.C. Sec. 1903(a). Both men appeal the district court's ruling not to suppress evidence seized during the Coast Guard's document and safety inspection. Maros also appeals his sentence. We affirm.
 
 
 3
 * The Coast Guard's search was reasonable and did not violate the Fourth Amendment. Applying the test from United States v. Watson, 678 F.2d 765 (9th Cir.1982), we conclude that any intrusion in the case at hand was similarly minimal. On the subjective level, the Coast Guard observed the DRIVEN and radioed the captain, identified itself and provided advanced notice of its intent to board the ship and to conduct an inspection, and conducted a pre-boarding interview with the captain. An administrative plan is not required for stopping and inspecting a vessel, United States v. Troise, 796 F.2d 310, 312 (9th Cir.1986), and, in any case there appears to have been an administrative plan. Finally, there is no evidence that the Coast Guard used any force, let alone unnecessary force, to effect the stop and inspection.
 
 
 4
 On the objective level, while conducting a legitimate document and safety inspection, the Coast Guard noticed the nonmatching fiber glass, the differences in trim and screws despite an obviously false denial of recent work, the unaccounted-for space under the seats on the deck of the vessel, and the fact that the vessel appeared to be riding low in the water. The officers also received a warning that Maros had a prior narcotics conviction and that both men should be considered armed and dangerous. Therefore, the Coast Guard had probable cause to remove the trim to determine whether contraband was being stored there. "Any subsequent intrusion caused by the Coast Guard was supported by probable cause and is not relevant to our analysis." Watson, 678 F.2d at 773. Even if the document and safety inspection were merely a pretext to board the DRIVEN because the Coast Guard believed that the DRIVEN was engaging in criminal activity, the search did not violate the Fourth Amendment. Id. at 769-71, 774.
 
 
 5
 Therefore, the district court did not err in declining to suppress the evidence obtained during the search.
 
 II
 
 6
 The district court did not err by sentencing Maros to the statutory mandatory minimum sentence of 120 months incarceration. A "plea bargain standing alone is without constitutional significance." Mabry v. Johnson, 467 U.S. 504, 507 (1984). Due process is implicated only when an offer of a plea agreement impairs the voluntariness or intelligent entry of a subsequent guilty plea. Id. Maros never pled guilty--he was convicted by a jury--and therefore, his rights were not violated. The offered plea agreement was conditional; even if Maros had effectively accepted it, a prosecutor can withdraw a plea agreement after acceptance but prior to entry of a guilty plea without violating due process. Id.
 
 
 7
 Finally, appellant presents no case law for the proposition that a district court has the authority to depart downward from the mandatory minimum sentence based on an offer of a conditional plea agreement that was never consummated.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3